IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CLIFTON A. GABAREE, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 13-0206-CV-W-ODS |
| ) | |
| CINDY GRIFFITH,[1] ) | |
| ) | |
| Respondent. ) | |

<u>ORDER AND OPINION GRANTING PETITIONER'S RENEWED
MOTION FOR UNCONDITIONAL WRIT OF HABEAS CORPUS</u>

Pending is Petitioner's Renewed Motion for Unconditional Writ of Habeas Corpus. Doc. #43. For the following reasons, Petitioner's motion is granted.

I. <u>BACKGROUND</u>

In August 13, 2013, this Court granted in part and denied in part Petitioner's petition for writ of habeas corpus. Doc. #18. The Court found Petitioner's trial counsel rendered ineffective assistance, and granted Petitioner habeas relief on his convictions and sentences for sodomy and child molestation. *Id.* at 14-18, 20. The Court stated "[t]he State of Missouri shall have seventy days from the date this Order becomes final to retry Petitioner on the sodomy and child molestation counts." *Id.* at 20. The Court denied Petitioner relief with regard to his child-abuse convictions. Both parties appealed.

On July 8, 2015, the Eighth Circuit affirmed this Court's decision. *Gabaree v. Steele*, 792 F.3d 991 (8th Cir. 2015); Doc. #34. The Eighth Circuit also held "[t]he order to retry Gabaree on the sodomy and child-molestation charges also is affirmed." *Id.* at 1001. Respondent's request for rehearing en banc was denied. The Eighth Circuit issued its mandate on September 28, 2015. Doc. #35. Respondent filed a writ of

---

[1] Troy Steele is no longer the warden of the Potosi Correctional Center where Petitioner is confined. Griffith is substituted as Respondent. Fed. R. Civ. P. 25(d).

certiorari with the United States Supreme Court, which was denied on February 29, 2016. *Griffith v. Gabaree*, 136 S. Ct. 1194 (2016).

On March 4, 2016, Petitioner filed a Motion for Unconditional Writ of Habeas Corpus, arguing this Court's August 13, 2013 Order became final when the Eighth Circuit entered its mandate. Doc. #37. Petitioner argued an unconditional writ should be issued because the State did not retry him within 70 days of the mandate. *Id.* On April 15, 2016, the Court denied Petitioner's motion, finding the time to retry Petitioner did not begin to run until Respondent's writ of certiorari was denied. Doc. #41, at 2. The Court also stated: "To be clear: the State has 70 days from February 29, 2016, which is the date the Supreme Court denied Respondent's petition for writ of certiorari, to retry Petitioner on the sodomy and child molestation counts." *Id.* at 3. On May 5, 2016, Respondent filed a "notice" with this Court stating the prosecuting attorney "elected to re-prosecute the sodomy and child molestation counts." Doc. #42.

On June 8, 2016, the Circuit Court of Jackson County, Missouri ("Circuit Court") issued a notice scheduling a pretrial conference on June 29, 2016, pertaining to Petitioner's charges for sodomy and child molestation. Doc. #43, at 2; Doc. #43-1. Petitioner filed a motion to dismiss, arguing the State did not comply with this Court's August 13, 2013 Order because it did not retry Petitioner within 70 days of that order becoming final. Doc. #43, at 1; Doc. #44-1. On August 17, 2016, the Circuit Court dismissed the charges, finding "the Federal Court issued a conditional Order giving the State of Missouri seventy days to retry Mr. Gabaree on the sodomy and child molestation counts…. More than seventy days have passed. The State has not brought the defendant to trial." Doc. #43-2.

On October 25, 2016, the State submitted a "Refiled Complaint" against Petitioner in the Circuit Court, charging the same statutory sodomy and child molestation offenses that allegedly occurred in 1995 and 1996. Doc. #43-3 (*see State v. Gabaree*, Case No. 16CR97002413-02). Petitioner moved to dismiss the Refiled Complaint. Doc. #50-1. On December 30, 2016, the Circuit Court denied the motion, finding the "Federal Court issued a conditional Order giving the State of Missouri seventy days to retry the Defendant," and because the Order was not unconditional, the

2

State was not barred from reprosecuting Petitioner. Doc. #49-2. Petitioner is set to be arraigned on the Refiled Complaint on January 30, 2017. No trial date has been set.

On November 25, 2016, Petitioner filed his Renewed Motion for Unconditional Writ of Habeas Corpus because he has not been retried pursuant to this Court's August 13, 2013 Order. Doc. #43. Respondent opposes the motion. Both parties were provided opportunities to submit supplemental briefing, and the motion is now fully briefed.

## II. DISCUSSION

### A.

The typical relief granted in federal habeas corpus is a conditional order of release, unless the State elects to retry the successful habeas petitioner. *Herrera v. Collins*, 506 U.S. 390, 403 (1993). The Supreme Court "has repeatedly stated that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (citations omitted). "Conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one, and the consequence when they fail to do so is always release." *Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (Scalia, J., concurring); *see also Satterlee v. Wolfenberger*, 435 F.3d 362, 369 (6th Cir. 2006); *Phifer v. Warden,* 53 F.3d 859, 864-65 (7th Cir. 1995). Conditional writs of habeas corpus would be rendered "meaningless if a habeas court could not order a noncompliant state to release a prisoner." *Satterlee*, 435 F.3d at 369 n.5 (citations omitted).

The State argues Petitioner is not permitted to seek federal intervention in a state court prosecution until the prosecution is complete. Doc. #50, at 1. Petitioner does not seek federal intervention in a state court proceeding. Instead, Petitioner asks this Court to issue an unconditional writ. A federal court retains jurisdiction to determine whether a state complied with the terms of a conditional habeas order. *See e.g.*, *D'Ambrosio v. Bagley*, 656 F.3d 379, 385-90 (6th Cir. 2011) (stating "the district court retain[s] jurisdiction to enforce its conditional grant of a writ of habeas corpus" and finding the district court had subject-matter jurisdiction to vacate part of its original judgment, grant

3

an unconditional writ, and bar reprosecution) (citation omitted); *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (citations omitted); *Phifer*, 53 F.3d at 861-63. This Court has jurisdiction to determine whether the State complied with the terms of its August 13, 2013 Order.

The State has known since August 2013 that it had to retry Petitioner within 70 days after the Court's Order was final. Doc. #18. In April 2016, the State was reminded of this deadline when the Court denied Petitioner's initial motion for unconditional writ of habeas corpus. Doc. #41. At no time has the State sought relief from the Court's August 13, 2013 Order. It is undisputed that the State did not comply with this Court's August 13, 2013 Order, and to date, Petitioner has not been retried. Because the State failed to retry Petitioner by the Court's deadline, this Court is left with no choice but to release Petitioner. *See Wilkinson*, 544 U.S. at 87; *Satterlee*, 435 F.3d at 369; *Phifer,* 53 F.3d at 864-65. Accordingly, the State is directed to release Petitioner immediately.

B.

This Court is authorized to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243; *see also Hilton*, 481 U.S. at 775. Typically, the State is not precluded from rearresting and retrying a prisoner when once he is released due to the States failure to retry him by the deadline set forth in a conditional writ. *See Foster v. Lockhart*, 9 F.3d 722, 727-28 (8th Cir. 1993); *Girts v. Yanai*, 600 F.3d 576, 582-83 (6th Cir. 2010) (citations omitted); *Satterlee*, 453 F.3d at 370 (citations omitted). But the Eighth Circuit holds "[a] district court has authority to preclude a state from retrying a successful habeas petitioner when the court deems that remedy appropriate." *Foster*, 9 F.3d at 727 (citation omitted). Precluding prosecution is an extraordinary remedy. *Id.*; *see also Satterlee*, 453 F.3d at 370 (citation omitted). Unfortunately, the Eighth Circuit provides little guidance on when to utilize this remedy. However, the Sixth Circuit found this remedy appropriate when "the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial." *Satterlee*, 453 F.3d at 370 (citations omitted).

4

Here, the State made no attempt to retry Petitioner within the timeframe set forth by this Court in August 2013. To be certain, the State filed nothing in state court regarding Petitioner's charges before this Court's deadline expired. The State waited until after the deadline passed to attempt to relitigate the underlying charges. But that attempt was thwarted by the Circuit Court, which dismissed the charges pursuant to this Court's August 13, 2013 Order. Then, the State waited another two months before refiling charges based on events that are more than twenty years old. Although those charges have survived a motion to dismiss, Petitioner has not been arraigned, and no trial date has been set. Yet, nearly a year has passed since this Court's Order became final.

In addition to the State's failure to comply with this Court's Order, the Court notes Petitioner was subjected to two trials on the same charges, two post-conviction hearings, and three post-conviction appeals before arriving at this Court. Doc. #18. With regard to both trials, Petitioner's counsel was found to be ineffective, and new trials were granted on the statutory sodomy and child molestation charges. Petitioner has been incarcerated since 1996. Although Petitioner still has a lengthy sentence to serve on the child abuse counts, the State represented to the Circuit Court that Petitioner "would probably be paroled now if not retried and convicted on the sexual abuse counts." Doc. #50-2, at 5-6. Consequently, Petitioner remains imprisoned under unconstitutional convictions.

The lapse in time presents unique circumstances. The alleged crimes occurred in 1995 and 1996. Petitioner was granted habeas relief by this Court because his counsel failed to object to the testimonies of two physicians who examined and evaluated the alleged victims who, at the time, ranged in age from sixteen months to four years old. More than twenty years have passed. Given the passage of time, Petitioner's ability to mount a defense against those charges is likely prejudiced.

The Court has carefully considered the matter before it. Given the tortured history of this case, the Court finds extraordinary circumstances exist. The State is prohibited from retrying Petitioner on the three counts of statutory sodomy and three counts of child molestation for which he was convicted in 2003.

5

### III. CONCLUSION

Petitioner's Renewed Motion for Unconditional Writ of Habeas Corpus is granted. The Court issues an unconditional writ of habeas corpus. Petitioner shall be released from custody immediately. The State is barred from retrying Petitioner on the three counts of statutory sodomy and three counts of child molestation counts for which he was convicted in 2003.

IT IS SO ORDERED.

DATE: January 24, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT